UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDDY AQUINO, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>JOSEPH'S AUTO CENTER, INC., and CARL BUCALO, individually,<br><br>Defendants. | **COMPLAINT**<br><br>Docket No.:  18-cv-2009<br><br>Jury Trial Demanded |

Plaintiff, EDDY AQUINO, ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against JOSEPH'S AUTO CENTER, INC. ("Joseph's Auto"), and CARL BUCALO, individually, (both, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1.      This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice at hire

1

containing specific categories of accurate information, NYLL § 195(1); (v) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3); (vi) an anti-retaliation provision of the NYLL, § 215(1)(a); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants, a Bronx auto body shop and its owner/Chief Executive Officer ("CEO"), as a paint mixer / car detailer from in or about September 2015 through on or about September 21, 2017. As described below, for the entirety of his employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours for each week or virtually each week. Yet for his work, Defendants willfully failed to compensate Plaintiff at any rate of pay, let alone at the statutorily-required rate of one and one-half his regular rate of pay, for all hours that he worked in excess of forty each week, in violation of the FLSA and the NYLL.

3. Additionally, Defendants also violated the NYLL by failing to provide Plaintiff with accurate wage statements on each payday or an accurate wage notice upon hire.

4. Defendants paid and treated all of their paint mixer / car detailer and other manual worker employees in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL and NYCCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff who opts-into this action.

6. Making matters worse, after Plaintiff complained to Defendants about their refusal to pay him any overtime, as well as Defendants' refusal to pay him his full salary of $650.00 per

week for four consecutive weeks, Defendants retaliated by terminating Plaintiff's employment. Accordingly, on behalf of himself only, Plaintiff brings retaliation claims under the FLSA and NYLL.

## JURISDICTION AND VENUE

7.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.  Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

9.  Plaintiff worked for Defendants at their auto body shop in the Bronx, New York, and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

10. At all relevant times herein, Defendant Joseph's Auto was and is a New York corporation with its principal place of business located at 1129 East 177th Street, Bronx, New York 10460.

11. At all relevant times herein, Defendant Bucalo was and is the owner and CEO of Defendant Joseph's Auto. In that role, Defendant Bucalo personally managed and oversaw the day-to-day operations of Defendant Joseph's Auto, and was and is ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Bucalo had and exercised the power to hire and fire and approve all personnel decisions with respect to Defendant Joseph's Auto employees. To that end, Defendant

3

Bucalo personally hired Plaintiff, set Plaintiff's schedule and rate of pay, and terminated Plaintiff's employment.

12. At all relevant times herein, both Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendant Joseph's Auto's qualifying annual business exceeded and exceeds $500,000.00, and Defendant Joseph's Auto is engaged in interstate commerce within the meaning of the FLSA, as its business consists of painting and repairing automobiles using tools and equipment that were and are moved in interstate commerce, including, for example, the paint used to paint the vehicles. Moreover, Joseph's Auto accepted payments in cash that naturally moved across state lines, and accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies. The combination of the foregoing subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial paint mixers / car detailers or who performed any other type of manual work, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid

the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all relevant times, Defendants were aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully and willfully chose not to do so.

16. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

17. Defendant Joseph's Auto is a Bronx-based auto body shop, which provides automobile detailing and maintenance to its customers.

18. Defendant Bucalo is the owner and CEO of Joseph's Auto who oversees its day-to-day operations, and who is responsible for all matters with respect to hiring, firing, disciplining, and determining employees' rates and methods of pay and hours worked.

19. In or about September 2015, Defendant Bucalo, on behalf of Defendants, hired Plaintiff to work at Joseph's Auto as a paint mixer / car detailer, and Defendants employed Plaintiff in this position from then until on or about September 20, 2017.

20. As its name suggests, Plaintiff's primary duties consisted of mixing paint in preparation for painting Defendants' customers' automobiles at Defendants' auto body shop, as well as painting the cars following the paint preparation process.

21. Throughout Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did work, five days per week, Monday through Friday, generally from 8:00 a.m. to 5:30

p.m., with a thirty-minute break each day. Thus, Plaintiff worked a total of approximately forty-five hours per week throughout his employment with Defendants.

22. From the start of his employment through December 2015, Defendants paid Plaintiff a flat salary of $650.00 per week, which was intended to cover only the first forty hours that Plaintiff worked per week, and which yields a regular hourly rate of $16.25.

23. From January 1, 2016 until the end of his employment, Defendants paid Plaintiff a flat salary of $600.00 per week, lowering Plaintiff's prior salary by fifty dollars, which was also intended to cover only the first forty hours that Plaintiff worked per week, and which yields a regular hourly rate of $15.00.

24. Throughout the entirety of his employment, Defendants failed to compensate Plaintiff at any rate of pay, let alone at the rate of time and one-half his regular rate of pay, for any hours that he worked in a week in excess of forty.

25. By way of example only, during the week of June 12 through June 18, 2017, Defendants required Plaintiff to work, and Plaintiff did work, Monday through Friday, from 8:00 a.m. to 5:30 p.m., with a thirty-minute break each day, for a total of forty-five hours. For his work that week, Defendants paid Plaintiff $600.00 for his first forty hours of work, and nothing for the five hours that Plaintiff worked over forty that week.

26. Defendants paid Plaintiff on a weekly basis.

27. For the first six months of Plaintiff's employment, Defendants paid Plaintiff entirely in cash. Following that initial six-month period, Defendants paid Plaintiff $319.00 by check and $290.00 by cash each week, including after Defendants reduced Plaintiff's pay by $50.00 per week on January 1, 2016.

28. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, his straight and/or overtime rates of pay for all hours worked, any deductions taken from his wages, or his total pay received.

29. Defendants also failed to provide Plaintiff with a wage notice at the time of his hire that accurately listed, *inter alia*, his regular and overtime rates of pay, and/or his regular payday.

30. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

31. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

32. Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits.

33. Making matters worse, on September 15, 2017, at approximately 8:30 a.m., Plaintiff complained to Defendant Bucalo about Defendants' failure to pay Plaintiff his full salary of $600.00 per week for the previous four consecutive weeks. That is, during those weeks, Defendants reduced Plaintiff's pay by $100.00 per week without explanation. In response, Defendant Bucalo accused Plaintiff of arriving late to work on several days over the course of those prior four weeks and stated that Plaintiff's pay was docked by $100.00 per week as a result. Plaintiff who denied arriving to work late, contrary to Bucalo's accusation, responded by complaining that Defendants' accusations did not make sense because Defendants' had always failed to pay Plaintiff any overtime compensation for his "extra time" worked beyond forty each week.

34. The following work day, on September 18, 2017, Plaintiff arrived to work at 8:00 a.m., and was instructed to go home by Defendant Bucalo's assistant manager, "Chris" (last name

unknown), as Defendant Bucalo was not present at work that day and would not be returning again until September 20th, in response to Plaintiff's complaint from the previous workday about not being paid all of his wages.

35. On September 20, 2017, Plaintiff again attempted to return to work at 8:00 a.m. This time, Defendant Bucalo confronted Plaintiff directly and told him "we don't need you, there's no work for you, you're terminated."

36. Plaintiff never returned to work for Defendants after September 21, 2017.

37. Defendants never paid Plaintiff any of his owed overtime or reduced wages from the four weeks prior to his September 18, 2017 complaint.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

38. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

40. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

41. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

42. Defendants willfully violated the FLSA.

43. Plaintiff and FLSA Plaintiff are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

8

44. Plaintiff and FLSA Plaintiff are also entitled to liquidated damages and attorneys' fees for Defendants' willful violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCCRR*

45. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. N.Y. Lab. Law § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

47. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL and the NYCCRR.

48. As also described above, Plaintiff and any FLSA Plaintiff who opts-into this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

49. Plaintiff and any FLSA Plaintiff who opts-into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

50. Plaintiff and any FLSA Plaintiff who opts-into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

51. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

53. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL.

54. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action with wage statements accurately containing the criteria required under the NYLL.

55. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

56. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

57. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. N.Y. Lab. Law § 195(1) requires that employers furnish employees with a wage notice upon hire containing accurate, specifically enumerated criteria.

59. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL.

60. As also described above, Defendants failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action with wage notices at hire accurately containing all of the criteria required under the NYLL.

61. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $50.00 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.00.

62. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Retaliation in Violation of the FLSA*

63. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. 29 U.S.C. § 215(a)(3) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has made any complaint relating to what an employee reasonably and in good faith believes to be an employer's violation of the FLSA.

65. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

66. As also described above, after Plaintiff lodged a complaint with Defendants asserting that Defendants violated the FLSA by failing to pay him overtime compensation, Defendants retaliated by terminating Plaintiff's employment.

67. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm for which he is entitled to an award of monetary damages and other relief.

68. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

69. Additionally, Plaintiff is entitled to liquidated damages, punitive damages for Defendants' malicious, willful, and wanton violations of the FLSA's anti-retaliation provisions, and attorneys' fees.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the NYLL*

70. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71. NYLL § 215(1)(a) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has made any complaint relating to what an employee reasonably and in good faith believes to be an employer's violation of the NYLL.

72. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

73. As also described above, after Plaintiff lodged a complaint with Defendants asserting that Defendants violated the NYLL by failing to pay him all of his earned wages for four consecutive weeks and by failing to pay him overtime compensation throughout his employment, Defendants retaliated by terminating Plaintiff's employment.

74. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm for which he is entitled to an award of monetary damages and other relief.

75. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief

76. Additionally, Plaintiff is entitled to liquidated damages, punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL's anti-retaliation provisions, interest, and attorneys' fees.

77. Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff is filing a Notice of Claim with the Office of the New York State Attorney General, thereby advising the aforementioned of his claim for retaliation under Section 215 of the NYLL.

## DEMAND FOR A JURY TRIAL

78. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

h. All compensatory damages that Plaintiff has sustained as a result of the Defendants' unlawful retaliatory conduct, including back pay, front pay, damages to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment, emotional distress damages, general and special damages for lost compensation and employee benefits that he would have received but for Defendants' conduct, and any other out-of-pocket losses that Plaintiff has incurred or will incur;

i. Punitive damages, as provided by law, in connection with Plaintiff's retaliation claims;

j. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, as well as their reasonable attorneys' fees, and an award of a service payment to Plaintiff;

k. Pre-judgment and post-judgment interest, as provided by law; and

l.       Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        March 6, 2018

          Respectfully submitted,

          BORRELLI & ASSOCIATES, P.L.L.C.
          *Attorneys for Plaintiff*
          655 Third Avenue, Suite 1821
          New York, New York 10017
          Tel.    (212) 679-5000
          Fax.    (212) 679-5005

By:  _____
          MICHAEL R. MINKOFF (MM 4787)
          ALEXANDER T. COLEMAN (AC 1717)
          MICHAEL J. BORRELLI (MB 8533)