## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is hereby made and entered into by and between EDDY AQUINO a/k/a Eddy Aquino Bone, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (the "Plaintiff"), on the one hand, and JOSEPH'S AUTO CENTER, INC. ("JACI"), a New York corporation, and CARL BUCALO ("Bucalo"), an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (JACI and Bucalo are referred to collectively herein as the "Defendants"), on the other hand (the Plaintiff and the Defendants may be referred to collectively herein as the "Parties").

## RECITALS

**WHEREAS**, the Plaintiff, through his attorneys, has asserted claims against the Defendants for alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations (together, the "FLSA"), and the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor (together, the "NYLL"), claiming, *inter alia,* allegedly unpaid overtime compensation, liquidated damages, interest, penalties for alleged failure to furnish a proper wage notice upon hire, penalties for alleged failure to furnish proper weekly wage statements, alleged lost wages and/or economic harm, alleged severe mental anguish and/or emotional distress, punitive damages, attorneys' fees, and costs, in an action filed in the United States District Court for the Southern District of New York (the "Court"), entitled <u>Aquino v. Joseph's Auto Center, Inc., et ano.</u>, Case No. 18-CV-2009 (the "Action"); and

**WHEREAS**, the Parties to this Agreement mutually desire to fully resolve and forever settle all claims asserted by the Plaintiff in the Action for the purpose of avoiding the time, expense and inconvenience of further litigation; and

**WHEREAS**, all Parties to this Agreement have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and all Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel; and

**WHEREAS**, all Parties to this Agreement have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion;

**NOW THEREFORE**, with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt

and sufficiency of which are hereby acknowledged by all of the Parties hereto, IT IS HEREBY AGREED by and between the Parties as follows:

## **AGREEMENT**

(1)   <u>Submission of Agreement for Court Approval; Dismissal of the Action</u>.   The Parties shall jointly provide this Agreement to the Court for review and approval, together with the proposed Order of Voluntary Dismissal with Prejudice annexed to this Agreement as Exhibit A. This Agreement shall not become final and binding upon the Parties until it has been approved by the Court as a fair and reasonable disposition of the Plaintiff's FLSA claims asserted in the Action, and until the Action, and all claims asserted by Plaintiff therein, has been dismissed in its entirety with prejudice.   In the event that the Court does not approve this Agreement for any reason, the Parties shall return to the *status quo ante*, and this Agreement shall become null and void subject to the Parties' rights to renegotiate the terms herein consistent with any order of the Court.

(2)   <u>Settlement Amount</u>.   The Defendants shall pay to the Plaintiff and his attorneys the gross total sum of **Fifty-Two Thousand Five Hundred and 00/100 Dollars ($52,500.00)** (the "Settlement Amount"), payable on March 16, 2020, assuming that this Agreement has been approved by the Court and the Action has been dismissed in its entirety with prejudice prior to such date.   In the event that this Agreement has not yet been approved by the Court and the Action has not yet been dismissed in its entirety with prejudice prior to March 16, 2020, then the Settlement Amount shall then be due ten (10) days following the satisfaction of these necessary preconditions.   The Settlement Amount shall be paid in three (3) separate checks, as follows: **$18,222.72**, payable to Borrelli & Associates, P.L.L.C., classified as attorneys' fees and costs (of which $17,138.64 shall be attorneys' fees and $1,084.08 shall be costs), to be reported by IRS Form 1099; the gross amount of **$17,138.64**, less all legally required withholdings therefrom, payable to Plaintiff, classified as wages, to be reported by IRS Form W-2; the amount of **$17,138.64**, payable to Plaintiff, classified as liquidated damages and/or interest, to be reported by IRS Form 1099.   The Plaintiff expressly understands and agrees that he shall be solely responsible for the payment of all federal, state and local taxes due on his portion of the Settlement Amount, with the sole exception of all legally required tax withholdings made from the portion of the Settlement Amount classified as wages.   As a necessary precondition to payment of the Settlement Amount, Plaintiff must provide counsel for Defendants with properly completed, duly executed IRS Forms W-9 from both Plaintiff and from Borrelli & Associates, P.L.L.C.   Tax withholdings shall be made from the settlement check constituting wages based upon withholding allowance information previously on file with Defendants from the time of Plaintiff's prior employment by JACI.   If the Plaintiff wishes for different withholding allowances to apply, Plaintiff must submit an updated IRS Form W-4 to Defendants prior to the issuance of the settlement checks.   Checks constituting the Settlement Amount shall be delivered

to: Borrelli & Associates, P.L.L.C., 910 Franklin Avenue, Suite 200, Garden City, New York 11530, Attn: Michael J. Borrelli, Esq.

(3)   <u>Release from Plaintiff</u>:     In consideration for the payment of the Settlement Amount, as well as for other good and valuable consideration, the Plaintiff, on behalf of himself and his dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, does hereby knowingly, voluntarily, unconditionally and irrevocably release and forever discharge Bucalo, JACI, and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, members, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future, solely in their capacities as such   (hereinafter referred to collectively as the "Releasees"), from any and all claims, known or unknown, suspected or unsuspected, asserted or unasserted, for alleged unpaid wages and other related compensation and/or arising out of Plaintiff's separation of employment, whether legal, equitable, contractual, tortious or statutory, which may heretofore have existed or which may now exist, based upon any conduct occurring from the beginning of the world to the date of the Plaintiff's execution of this Agreement, for alleged violations of:

- The Fair Labor Standards Act;

- The New York Labor Law and/or the New York wage, wage theft, wage payment and wage-hour laws;

- Any other federal, state or local laws, including, but not limited to, wage-hour, wage-payment, labor or other laws, rules and/or regulations, constitutions, ordinances, public policies, contracts or tort laws, breach of contract claims, retaliation claims under any federal state or local law, or any other claims arising under the common law; any amendments to the foregoing laws; any benefit, payroll or other plan, policy or program; and

- Any claim for costs, fees, or other expenses, including attorneys' fees except as expressly set forth herein.

To the fullest extent permitted by law, the Plaintiff promises not to sue or bring any charges, complaints or lawsuits related to the claims hereby released against the Releasees in the future, individually or as a member of a collective or class action. The Plaintiff also specifically waives and releases his rights to recover any money whatsoever from any of the Releasees in connection with any charge, claim or complaint filed against any of the Releasees by anyone with any government agency, to the fullest extent permitted by law. This waiver, release and promise not

to sue is binding on the Plaintiff, his heirs, legal representatives and assigns. In the event that any court of competent jurisdiction determines that the Plaintiff has violated this Agreement by bringing or maintaining any charges, claims or lawsuits against any of the Releasees contrary to this Paragraph, the Plaintiff shall pay all costs and expenses of any of the Releasees in defending against such charges, claims or actions, including reasonable attorneys' fees, if any of the Releasees prevail in their defense.

(4)   Non-Assignment of Claims:   The Parties represent and warrant that they have not assigned or transferred, nor purported to assign or transfer, to any person, firm, or corporation whatsoever, any of the matters released in this Agreement, and the Parties shall defend, indemnify and hold each other harmless against any debts, obligations, liabilities, demands, damages, actions or causes of actions based on or arising out of or in connection with any such transfer or assignment, including without limitation, the payment of reasonable attorneys' fees and costs. The Parties further represent and warrant that they are not aware of any known claims against one another aside from those asserted in the Action.

(5)   Each Party To Bear Its Own Attorney's Fees.   The Parties shall each bear their own attorneys' fees, costs, and expenses, except as expressly provided herein.

(6)   Tax Liability. The Plaintiff understands that no federal, state or local income taxes, payroll taxes or other taxes or withholdings have been or will be paid by the Defendants or withheld by the Defendants on account of or from the Settlement Amount, with the sole exception of the legally required tax withholdings made by Defendants from the portion of the Settlement Amount that is classified herein as wages. The Plaintiff acknowledges that the Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiff further acknowledges that he has not relied upon any advice or representation by any of the Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts. The Plaintiff shall be solely responsible for any and all taxes which may be due as a result of his receipt of all of the money paid to Plaintiff by the Defendants pursuant to this Agreement, with the sole exception of the legally required withholdings made from that portion of the Settlement Amount that is classified herein as wages.

(7)   No Admission of Liability.   The Defendants do not admit to any liability or wrongdoing whatsoever on their part or by any individuals acting under their supervision or on their behalf. Neither this Agreement nor the payment or acceptance of the Settlement Amount shall be construed, described or characterized by any of the Parties hereto or by any of their agents or representatives as an admission by the Defendants or by any individuals acting under the Defendants' supervision or on the Defendants' behalf of any liability or wrongdoing or violation of any law, rule, regulation, public policy or contractual provision.

(8)   <u>Breach</u>. If any party petitions any court or tribunal of competent jurisdiction to enforce this Agreement or determine breach of the Agreement, the prevailing party in such proceeding shall be entitled to recover its/their costs of litigation and all of its/their reasonable attorneys' fees, as well as the recovery of reasonable fees and costs incurred to make any fee application, and any reasonable fees and expenses incurred to enforce and/or collect any judgment obtained as to any breaching Party.

(9)   <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of each of the Parties.

(10)   <u>Entire Agreement</u>.  This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties with respect to the settlement of the Action, and supersedes and cancels any and all prior oral and written agreements, if any, between and among them.

(11)   <u>Modification in Writing</u>. This Agreement may not be altered, amended or modified, nor any of its provisions waived, except by a further agreement in writing signed by all of the Parties or by their respective counsel.

(12)   <u>No Other Assurances</u>. The Plaintiff acknowledges that, in deciding to execute this Agreement, he has not relied upon any promises, statements, representations or commitments, whether spoken or in writing, made to him by anyone, except for what is expressly stated in this Agreement.

(13)   <u>Governing Law</u>.   This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles.

(14)   <u>Joint Preparation</u>.  The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties.  The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiff nor the Defendants shall be deemed the drafter, nor shall any such language be presumptively construed in favor of or against either the Plaintiff or the Defendants.

(15)  <u>Severability</u>.  If any provision, term or clause of this Agreement, or any part thereof, is declared by any court of competent jurisdiction or any foreign, federal, state, county or local

government or any other governmental regulatory or administrative agency, authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, such provision, term or clause, or part thereof, shall be deemed severable, such that all other provisions, terms and clauses, or parts thereof, of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon all of the Parties.

(16)   <u>Captions</u>.   Paragraph captions contained in this Agreement have been inserted herein only as a matter of convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

(17)   <u>Execution</u>.   This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.   This Agreement may be executed and delivered with original signatures or by facsimile or PDF-scanned signatures, either of which shall be deemed legally binding as fully as an original signature.

**PLAINTIFF CONFIRMS AND ACKNOWLEDGES THAT THIS AGREEMENT HAS BEEN TRANSLATED INTO HIS NATIVE LANGUAGE (SPANISH) BEFORE HE SIGNED IT, AND THAT HE FULLY UNDERSTANDS THIS AGREEMENT'S TERMS AND CONDITIONS.**

**IN WITNESS WHEREOF**, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

**PLAINTIFF:**

STATE OF NEW YORK          )
                          ) ss:
COUNTY OF New York        )

I, **Eddy Aquino a/k/a Eddy Aquino Bone**, affirm that I have fully reviewed the foregoing Agreement with my attorneys, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_Eddy Aquino Bone_
EDDY AQUINO a/k/a Eddy Aquino Bone

Sworn to before me this
13th Day of February, 2020

_Notary Public_
Notary Public

Caitlin Duffy
Notary Public, State of New York
Reg. No. 02DU6385090
Qualified in Kings County
Commission Expires December 24, 2022

**DEFENDANTS:**

STATE OF NEW YORK )
) ss:
COUNTY OF ⟨signature⟩ )

I, **Carl Bucalo**, affirm that I have fully reviewed the foregoing Agreement with my attorneys, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily in both my individual capacity and as an officer of Joseph's Auto Center, Inc.

Sworn to before me this
_____ Day of February, 2020

CARL BUCALO, Individually and on behalf of Joseph's Auto Center, Inc.

Notary Public

PHILIP J. SPORN
Notary Public, State of New York
No. ___ 40336
Qualified in ___ York County
Commission Expires Sept. 13, 2015

202 |

PHILIP J. SPORN
Notary Public ___ ___ ___
N.
Qualifi...
Commis...

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EDDY AQUINO,

                              Plaintiff,

          -against-                          Case No.: 18 Civ. 2009 (BCM)

JOSEPH'S AUTO CENTER, INC.
and CARL BUCALO,

                           **ORDER OF VOLUNTARY**
               Defendants.   **DISMISSAL WITH PREJUDICE**

-------------------------------------------------------------------X



      Upon the joint application of the plaintiff and the defendants, by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice approving the parties' negotiated settlement agreement in the above-captioned action, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is HEREBY ORDERED AS FOLLOWS:

      1.     The parties' settlement has been negotiated in good faith and at arm's length by the parties through their respective counsel;

      2.     The settlement, including the allocation of Plaintiff's recovery and requested attorneys' fees and expenses to Plaintiff's counsel, is approved as a fair and reasonable disposition of the Plaintiff's Fair Labor Standards Act claims, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015), and *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012); and

      3.     Accordingly, this action, and all of the claims asserted herein, is hereby dismissed in its entirety with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure without an award of costs or attorneys' fees to any party except as provided for in the parties' settlement agreement.

4.      The Court shall retain jurisdiction over this matter solely to enforce the parties'

settlement.

SO ORDERED            .

Dated: New York, New York
        _____, 2020

                                        _____
                                        THE HONORABLE BARBARA MOSES
                                        UNITED STATES MAGISTRATE JUDGE