USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/10/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDDY AQUINO,

    Plaintiff,

-against-

JOSEPH'S AUTO CENTER, INC., et al.,

    Defendants.

18-CV-2009 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' joint letter dated February 25, 2020 (Joint Ltr.) (Dkt. No. 53), seeking approval of their Settlement Agreement (Agreement) (Dkt. No. 53-1), pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Joseph's Auto Center, Inc. and Carl Bucalo to pay $52,500 to settle this action. Ag. ¶ 2. Of that sum, $34,277.28 will go to plaintiff Eddy Aquino, in full settlement of his Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) claims, *id.*, and $18,222.72 will go to plaintiff's attorneys for their fees and costs. *Id.*; *see also* Joint Ltr. at 2.

    The Agreement includes a unilateral but limited release, by which plaintiff releases defendants from "any and all claims, known or unknown" for "alleged unpaid wages and other related compensation and/or arising out of Plaintiff's separation of employment" that exist or may have existed "based upon any conduct occurring from the beginning of the world to the date of the Plaintiff's execution of this Agreement." Ag. ¶ 3. There is no confidentiality clause or other contractual restriction on any party's ability to speak about the case or its settlement.

    The Court has reviewed the terms of the Agreement and finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. The proposed fee award is also reasonable. Plaintiff's attorneys will receive $18,222.72 in fees and costs, of which $1,084.08 will reimburse

them for the filing fee and other out-of-pocket costs incurred by counsel in connection with this action (*see* Dkt. No. 53-3), leaving $17,138.64 for their attorneys' fee award. That sum represents approximately 33.3% of the net settlement payment of $51,415.92 (the gross settlement payment less costs), which is within the range ordinarily approved in this district. *See Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"). I have also reviewed counsel's time records, which show a lodestar of $24,414.00, and therefore do not call into question the reasonableness of the fee.

Accordingly, the proposed settlement is **APPROVED**. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs. The Court will retain jurisdiction for the limited purpose of enforcing the Agreement if necessary.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
April 10, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**